**United States Department of Justice**

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

January 29, 2020

Katy Cimino, Esq.
Federal Public Defender Office
230 W. Pike Street, Suite 360
Clarksburg, WV 26302
Katy_Cimino@fd.org

RE:   U.S. v. David Changhyub Lee
      Case No. ~~2:20~~ cr 37

Dear Ms. Cimino:

The United States makes the following offer to your client, David Changhyub Lee (the defendant). To accept this offer, the defendant must return a signed copy of this agreement to the United States before ~~March 1, 2020.~~ All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. It is agreed between the United States and your client as follows:

1.      The defendant plead guilty to an Information charging Interstate Transportation of Ginseng in Violation of State Law, in violation of Title 16, United States Code, Sections 3372(a)(2)(B) and 3373(d)(2). The information reads:                  aided and abetted by a person known to the United States Attorney

On or about September 28, 2018, in Randolph County and elsewhere, in the Northern District of West Virginia, defendant DAVID CHANGHYUB LEE^ did knowingly transport, receive, acquire and purchase in interstate commerce from West Virginia to North Carolina a plant, that is, Panax quinquefolis, commonly known as American ginseng, and in the exercise of due care he, defendant DAVID CHANGHYUB LEE, should have known that the plant was transported in violation of and in a manner unlawful

_____          _____
David Changhyub Lee,               Date   10/09/2020
Defendant

_____          _____
Katy Cimino, Esq.                  Date   11-9-20
Defendant's Counsel

- 1 -

under West Virginia law, that is, West Virginia Code § 19-1A-3a(f); all in violation of Title 16, United States Code, Sections 3372(a)(2)(B) and 3373(d)(2), and 18 U.S.C. 2.

2.     The defendant's guilty plea will expose the defendant to a maximum penalty of 1 year of imprisonment, a $10,000.00 fine, and up to 1 year of supervised release.  Also, the defendant must pay a special mandatory assessment of $25.00 (18 U.S.C. § 3013) within 40 days of the defendant's guilty plea by money order or certified check payable to the United States District Court; and the defendant may be required by the court to pay the costs of the defendant's incarceration, supervision, and probation.

3.     The defendant will give a forthright and truthful debriefing.  During the debriefing, the defendant will answer all questions from any law enforcement officer, whether or not the questions relate to the defendant's indictment.  The defendant agrees to additional debriefings at the discretion of the United States; and if the United States requests, the defendant will testify in court and submit to a polygraph examination about any matter discussed at the defendant's debriefings.  The following conditions apply to this cooperation:

A.     Nothing contained in any statement or testimony given by the defendant pursuant to this plea agreement will be used against the defendant as the basis for any subsequent prosecution.  It is understood that any information obtained from the defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline § 1B1.8, such information may not be used by the court in determining the Guidelines.

B.     This agreement does not prevent the defendant from being prosecuted for any violations of other federal and state laws the defendant may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from information and testimony given by the defendant pursuant to this agreement.

C.     Nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent while fulfilling the conditions of this plea agreement.

D.     At or before sentencing, the United States may advise the court whether the defendant was forthright and truthful.

4.     There have been no representations whatsoever by any officer of the United States or other law enforcement agency, or by the defendant's counsel, as to what the defendant's sentence will be. However, the United States will make the following nonbinding sentencing recommendations pursuant to

_____
David Changhyub Lee,
Defendant

Date   10/09/2020

_____
Katy Cimino, Esq.,
Defendant's Counsel

Date   11-9-20

- 2 -

Federal Rule of Criminal Procedure 11(c)(1)(B). The court is not bound by these recommendations; and the defendant has no right to withdraw his guilty plea if the court does not follow them. The United States' sentencing recommendations are:

    A.    The United States will recommend a two-level reduction for "acceptance of responsibility" pursuant to Guideline § 3E1.1(a), and the additional one level reduction pursuant to §3E1.1(b) if applicable.

    B.    The United States will recommend a sentence of probation.

    C.    The United States will recommend a fine in the amount of $10,000.00.

5.    If, in the opinion of the United States, the defendant obstructs justice as defined in Guideline § 3C1.1, fails to give a complete and forthright debriefing, or violates any provision of this plea agreement, then the United States will not be bound to make the foregoing sentencing recommendations; and the defendant will not have the right to withdraw the defendant's guilty plea.

6.    The parties stipulate as follows:

    A.    On September 07, 2018, the defendant illegally purchased 10 pounds of ginseng for $2,500.00 from an undercover officer, in Randolph County, NDWV.

    B.    On September 28, 2018, the defendant illegally purchased 2 pounds of ginseng for $500.00 from an undercover officer, in Randolph County, NDWV.

    C.    On October 5, 2018, the defendant illegally purchased 2 pounds of ginseng for $500.00 from an undercover officer, who mailed the ginseng from NDWV to the defendant in Raleigh, North Carolina, and in exchange the defendant mailed a cashier's check to the officer.

    D.    On October 30, 2018, the defendant illegally purchased 2.94 pounds of ginseng for $750.00 from an undercover officer, who mailed the ginseng from NDWV to the defendant in Raleigh, North Carolina, and in exchange the defendant mailed a cashier's check to the officer.

7.    The court is not bound by this stipulation and is not required to accept it; and if the court does not accept this stipulation, the defendant will not have the right to withdraw the defendant's guilty plea(s).

_____        10/09/2020
David Changhyub Lee,                     Date
Defendant

_____        11-9-20
Katy Cimino, Esq.,                       Date
Defendant's Counsel

8.    The parties agree to the following waivers of post-conviction rights:

A.    The defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.    The defendant knowingly waives all rights, pursuant to 18 U.S.C. § 3742, to appeal his sentence (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the Guidelines, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.    The defendant knowingly waives all rights to "collaterally" challenge his conviction or sentence in any post-conviction, or "habeas", proceeding brought under 28 U.S.C. § 2255 or any other statute or constitutional provision.

D.    The United States waives its right to appeal the sentence if it is within the Guidelines.

E.    Notwithstanding the above waivers, if there is an appeal or post-conviction collateral challenge, both parties retain the right to argue in support of the sentence.

F.    Notwithstanding the above waivers, the defendant is not barred from raising a post-conviction claim of ineffective assistance of counsel or prosecutorial misconduct. However, the defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

G.    The defendant's post-conviction waivers are not intended to represent the defendant's opinion of what the appropriate sentence should be; and the defendant retains the right to argue for a sentence below the Guidelines.

9.    The United States reserves the right to provide to the court and the United States Probation Office in connection with any presentence investigation pursuant to Federal Rule of Criminal Procedure 32(c), or in connection with the imposition of sentence absent a presentence investigation pursuant to Rule 32(c)(1), relevant information, including information regarding the defendant's background, criminal

David Changhyub Lee,
Defendant

Date   10/09/2020

Katy Cimino, Esq.,
Defendant's Counsel

Date   11-9-20

- 4 -

Federal Rule of Criminal Procedure 11(c)(1)(B). The court is not bound by these recommendations; and the defendant has no right to withdraw his guilty plea if the court does not follow them. The United States' sentencing recommendations are:

    A.    The United States will recommend a two-level reduction for "acceptance of responsibility" pursuant to Guideline § 3E1.1(a), and the additional one level reduction pursuant to §3E1.1(b) if applicable.

    B.    The United States will recommend a sentence of probation.

    C.    The United States will recommend a fine in the amount of $10,000.00.

5.    If, in the opinion of the United States, the defendant obstructs justice as defined in Guideline § 3C1.1, fails to give a complete and forthright debriefing, or violates any provision of this plea agreement, then the United States will not be bound to make the foregoing sentencing recommendations; and the defendant will not have the right to withdraw the defendant's guilty plea.

6.    The parties stipulate as follows:

    A.    On September 07, 2018, the defendant illegally purchased 10 pounds of ginseng for $2,500.00 from an undercover officer, in Randolph County, NDWV.

    B.    On September 28, 2018, the defendant illegally purchased 2 pounds of ginseng for $500.00 from an undercover officer, in Randolph County, NDWV.

    C.    On October 5, 2018, the defendant illegally purchased 2 pounds of ginseng for $500.00 from an undercover officer, who mailed the ginseng from NDWV to the defendant in Raleigh, North Carolina, and in exchange the defendant mailed a cashier's check to the officer.

    D.    On October 30, 2018, the defendant illegally purchased 2.94 pounds of ginseng for $750.00 from an undercover officer, who mailed the ginseng from NDWV to the defendant in Raleigh, North Carolina, and in exchange the defendant mailed a cashier's check to the officer.

7.    The court is not bound by this stipulation and is not required to accept it; and if the court does not accept this stipulation, the defendant will not have the right to withdraw the defendant's guilty plea(s).

| | |
|---|---|
| David Changhyub Lee, Defendant | 10/09/2020 Date |
| Katy Ciming, Esq., Defendant's Counsel | 11-9-20 Date |

-3-

record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2), as will enable the court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report, and to respond to any written or oral statements made by the court, by the defendant, or the defendant's counsel.

10.     The defendant agrees that all monetary penalties imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. The defendant agrees to provide all requested financial information to the United States and the United States Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the United States. The defendant authorizes the United States Attorney's Office Financial Litigation Unit to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess the defendant's financial condition for sentencing purposes. The defendant agrees to complete a financial statement under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the United States. The defendant further agrees that any schedule of payments imposed by the court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the court does not specifically direct participation. The defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

11.     In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any employment, to be withheld from the defendant's wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). The defendant waives any applicable exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673).

12.     The Guidelines are now advisory and no longer mandatory. The defendant understands that the sentencing court may impose a sentence below or above the Guidelines, so long as that sentence is reasonable and within the statutory maximum specified in the offense of conviction.

13.     If the defendant's plea is not accepted by the court or is later set aside, or if the defendant breaches any part of this agreement, then the United States will have the right to withdraw any sentencing recommendations and/or to void this agreement.

_____          _10/09/2020_____
David Changhyub Lee,                                       Date
Defendant

_____          _11-9-20_____
Katy Cimino, Esq.,                                             Date
Defendant's Counsel

- 5 -

14.     The above paragraphs constitute the entire agreement between the defendant and the United States in this matter.  There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By:     *Stephen Warner*
        Stephen Warner
        Assistant United States Attorney

As evidenced by my signature at the bottom of every page of this letter agreement, I have read and understand the provisions of each paragraph herein and hereby fully approve of each provision.

David Changhyub Lee,
Defendant

Katy Cimino, Esq.,
Defendant's Counsel

Date   10/09/2020

Date   11-9-20